IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

DEVINTENT LLC, a Florida limited liability company,

Plaintiff,

v.

HERODEVS, LLC, a Utah limited liability company,

Defendant.

**MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION TO SEAL PREVIOUSLY FILED DOCUMENTS, COMPELLING ARBITRATION AND ADMINISTRATIVELY CLOSING CASE WITHOUT PREJUDICE**

Case No. 2:22-cv-00698-RJS

Chief District Judge Robert J. Shelby

Before the court is the parties' Stipulated Motion to Seal Previously Filed Documents, Compelling Arbitration and Administratively Closing the Case without Prejudice.[1] For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff DevIntent LLC (DevIntent) and Defendant HeroDevs, LLC (HeroDevs) are parties to the XLTS.dev Strategic Alliance Agreement (SAA), dated October 22, 2021.[2] The SAA governs the parties' relationship and sets the conditions for the disbursement of revenue generated by the parties' strategic alliance, known as "XLTS.dev" (the Alliance).[3]

On November 2, 2022, DevIntent filed suit against HeroDevs, alleging, among other things, that HeroDevs breached the SAA by failing to disburse DevIntent's share of the

[1] Dkt. 27, *Stipulation Re: Order to Compel Arbitration and Stipulated Motion to Seal Previously Filed Documents*.

[2] Dkt. 15-1, *XLTS.dev Strategic Alliance Agreement*.

[3] *See id.* §§ 2.7, 3.6; *id.* at 19–21.

Alliance's revenue.[4] In both the Complaint and a subsequent Motion for a Temporary Restraining Order, DevIntent asked the court to enjoin HeroDevs from transferring or encumbering certain funds held by the Alliance's bank account pending the outcome of litigation.[5] DevIntent also requested declaratory relief related to the form of closing documents required under the mandatory buy/sell provision that was triggered by the parties' dispute under the SAA.[6] During a hearing on November 8, 2022, the court declined to extend the relief DevIntent sought, and stayed proceedings pursuant to the parties' Stipulated Joint Motion to Stay Proceedings while the parties pursued mediation.[7]

On November 23, 2022, the parties reported they were unable to reach a mediated resolution and asked the court to grant the parties' stipulation to submit DevIntent's claims to binding arbitration and administratively close the case without prejudice as the parties pursue arbitration.[8] Additionally, they asked to seal certain filings from the public record.[9]

Notwithstanding the apparent consensus on arbitration and sealing the record, the court must evaluate both requests on their own merits. The court will first address the parties' request to seal previously filed documents.[10]

---

[4] Dkt. 1, *Verified Complaint* ¶¶ 52–60.

[5] *See* Dkt. 2, *Motion and Memorandum in Support of Request for a Temporary Restraining Order and Preliminary Injunction and Hearing on Count III* at 23.

[6] *Id.* at 23–4.

[7] *See* Dkt. 23, *Minute Order*.

[8] Dkt. 27.

[9] *Id.* at 2–3.

[10] *Id.*

## SEALING PREVIOUSLY FILED DOCUMENTS

For the reasons discussed below, the parties do not meet the "heavy burden" needed to deprive the public of access to the record,[11] and the request to seal previously filed documents from the record is DENIED.

### I. Legal Standard

Court records are presumptively open to the public.[12] Accordingly, "[t]he sealing of pleadings, motions, memoranda, exhibits, and other documents or portions thereof . . . is highly discouraged."[13] To overcome "the presumption in favor of access to judicial records," parties seeking to restrict access must show "countervailing interests heavily outweigh the public interests in access."[14] In particular, "the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] . . . decision-making process."[15]

### II. Analysis

Here, the parties seek to seal the following documents: (1) the Complaint,[16] (2) the First Amended Complaint,[17] (3) DevIntent's Motion for a Temporary Restraining Order,[18] and (4) all related exhibits for each of the foregoing (collectively, the Documents). As "good cause" for

---

[11] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012).

[12] DUCivR 5-2(a)(1).

[13] *Id.*

[14] *Colony*, 698 F.3d at 1241 (citation omitted).

[15] *Id.* at 1242.

[16] Dkt. 1.

[17] Dkt. 15, *First Amended Verified Complaint*.

[18] Dkt. 2.

sealing the Documents, they aver "the filings contain private information between the Parties regarding a valuation of XLTS.dev, compensation agreements, identification of profits of XLTS.dev, and sharing of revenue that does not have any public significance other than the contract dispute between the Parties of XLTS.dev that will be the subject of a private arbitration."[19] HeroDevs separately asserts that the Documents reference information protected under the SAA's confidentiality provision.[20]

At the outset, the presence of a confidentiality provision does not alone warrant sealing.[21] If that were so, parties could routinely undermine the public right of access to court records through mere stipulation.[22] As such, notwithstanding HeroDevs' position that the information contained in the Documents is confidential under the SAA, the parties must still articulate an additional, noncontractual reason for overcoming the public interest.[23]

Although the parties claim the information in the Documents "does not have any public significance,"[24] they fail to articulate a real and substantial countervailing interest that would justify sealing the Documents. Instead, they appear to simply rely on their assertion that the Documents contain "private information" and apparent conclusion "that there is good cause to

---

[19] *Id.*

[20] *Id.*

[21] *See, e.g.*, *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) ("The interest in preserving the confidentiality of the contract does not necessarily constitute a sufficiently substantial justification."); *Liberty Mut. Fire Ins. Co. v. Michael Baker Int'l, Inc.,* No. 2:19-cv-00881-JNP-DAO, 2022 U.S. Dist. LEXIS 85038, at *4 (D. Utah May 10, 2022).

[22] *Cf. J.B. v. Vaughn*, No. 2:18-cv-130, 2018 U.S. Dist. LEXIS 242555, at *4 (D. Utah Oct. 12, 2018) ("The common-law right of access to judicial records may not be vitiated by agreement of the parties to a case. Individual litigants cannot waive, even bilaterally, a right held by the public at large.").

[23] *Id.*

[24] Dkt. 27 at 2.

seal the Documents."[25] However, as discussed, neither the assertion of "private information" nor the parties' agreement that there is "good cause to seal the Documents" meets the heavy burden needed for the court to seal vast parts of the public record.[26] Rather, the parties must state a specific interest that justifies depriving the public of access to the records.[27]

In any event, what the parties seek to protect should be done through narrowly tailored redactions rather than blanket sealing. The Documents appear to contain potentially sensitive financial information that some courts have historically found to be confidential and appropriately redacted,[28] but the proper course of action is for the parties to first "seek protection of only the specific information that the[y] allege[] is truly deserving of protection,"[29] rather than move the court to seal over 400 pages from the record. If the parties wish, they may file another motion that identifies the *specific* portions of the record that should be redacted, following the procedures set forth by the District of Utah Local Civil Rules, along with citation to supportive authority.

**COMPELLING ARBITRATION**

The parties also seek to compel arbitration and administratively close the case as the parties pursue arbitration.[30] Because the SAA contains a binding arbitration clause that covers the asserted dispute, this request is GRANTED.

---

[25] *Id.* at 2–3.

[26] *See Colony*, 698 F.3d at 1241–2.

[27] *Id.*

[28] *AH Aero Serv., LLC v. Heber City*, No. 2:17-cv-01118-HCN-DAO, 2020 U.S. Dist. LEXIS 195061, at *9 (D. Utah Oct. 19, 2020) ("Profit and loss statements are precisely the type of sensitive business information that should be sealed and kept confidential under DUCivR 5-3(b)(2)") (citing cases).

[29] DUCivR 5-3(b)(2)(A).

[30] Dkt. 27 at 1.

## I. Legal Standard

The Utah Uniform Arbitration Act governs arbitrations under Utah law.[31] "It is the policy of the law in Utah to interpret contracts in favor of arbitration . . . [and] encourag[e] extrajudicial resolution of disputes when the parties have agreed not to litigate."[32] In ruling on a motion to compel arbitration, this court is directed to "proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate."[33] "If the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration."[34]

## II. Analysis

It is undisputed that the parties signed the SAA, which includes a provision directing an exclusive dispute resolution mechanism for "any dispute, controversy, or claim arising out of or relating to" the SAA.[35] The parties further agree that "[i]f the Parties cannot resolve any Dispute for any reason, . . . either party may initiate final and binding arbitration."[36] In the Motion and during the proceedings held before the court on November 8, 2022,[37] the parties agreed that their ongoing dispute falls under the SAA and thus requires dispute resolution consistent with the

---

[31] Utah Code §§ 78B-11-101 to 131. The parties contend, and the court agrees, that Utah law governs the SAA given the agreement's express choice of law provision. § 23. *See Roberts v. Cent. Refrigerated Serv.*, 27 F. Supp. 3d 1256, 1259–63 (D. Utah 2014) (applying the Utah Uniform Arbitration Act where the underlying contract selected Utah law under the contract's choice of law provision).

[32] *Cent. Fla. Invs., Inc. v. Parkwest Assocs.*, 40 P.3d 599, 606 (Utah 2002) (citations and internal quotation marks omitted).

[33] Utah Code § 78B-11-108(1)(b).

[34] *Id.* § 78B-11-108(7).

[35] Dkt. 15-1, *XLTS.dev Strategic Alliance Agreement* § 14.1.

[36] *Id.* § 14.3.

[37] *See* Dkt. 27 at 1.

procedures set forth by the SAA. Accordingly, the parties are directed to proceed to arbitration as provided by the SAA. Consistent with the mandate that "[i]f the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration,"[38] the court further orders a stay of the proceedings pending arbitration.

**CONCLUSION**

IT IS HEREBY ORDERED that the parties' Motion is GRANTED in part and DENIED in part as follows:

1. The Documents are to remain unsealed;
2. Arbitration of the claims asserted in the above-captioned case is compelled;
3. The proceedings are stayed pending the completion of arbitration, except that the parties may seek to redact previously filed documents upon separate application to the court; and
4. The parties shall promptly notify the court when arbitration has concluded, or if arbitration has not concluded within six months of the date hereof, provide a status report.

The Clerk of Court is directed to administratively close this case without prejudice to any party's rights to reopen it at the conclusion of arbitration.

SO ORDERED this 15th day of December, 2022.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

[38] Utah Code § 78B-11-108(7).